UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JOSHUA D. LOVE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:11-CV-318 PS |
| | ) | |
| SUPERINTENDENT, Westville Correctional Facility, | ) ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Petitioner Joshua Love, a prisoner confined at the Westville Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with loss of earned credit time at a prison disciplinary hearing. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ." *Id.* This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974), and

"some evidence" to support the decision of the prison disciplinary board."
*Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

According to the petition, the disciplinary hearing officer found Love guilty of possessing escape paraphernalia and took twenty days of earned credit time from him. In ground one of his petition, Love asserts that the DHB did not allow him to select a staff member from the approved list to serve as his lay advocate, and in ground two he states that the DHB did not ensure that his staff lay advocate was notified in writing of the hearing (DE 1 at 3).

But the Constitution does not entitle a prisoner to a lay advocate at a prison disciplinary hearing unless he is illiterate or the charge against him is so complex that it is unlikely that he will be able to collect and present the evidence necessary for an adequate comprehension of the case. *Wolff v. McDonnell,* 418 U.S. at 570; *Miller v. Duckworth*. 963 F.2nd 1002, 1004 (7th Cir. 1992). Nothing in the Petitioner's submissions suggest that Love is illiterate or was unable to gather evidence, and the charge against him was simple and straightforward. Accordingly, that the DHB may not have allowed him the lay advocate of his choice or notified his lay advocate in writing of the hearing states no claim upon which relief can be granted.

In ground three of his petition, Love asserts that the hearing officer did not "audio record the hearing" even though the IDOC disciplinary policy "clearly states . . . [that]. . . all major violations shall be recorded" (DE 1 at 3). Section 2254(a) provides that federal courts shall entertain an application for writ of habeas corpus in behalf of a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Relief in this action is only available from violation

2

of the federal Constitution or laws. *Estelle v. McGuire*, 502 U.S. 62 (1991). The Constitution does not require that prison disciplinary hearings be recorded, and violations of prison disciplinary policies, such as those alleged by this Petitioner in ground three of his petition, do not state a claim for federal habeas relief. *Hester v. McBride*, 966 F.Supp. 765, 774-75 (N.D.Ind. 1997).

In ground four of his petition, Love asserts that the hearing officer denied him evidence. This claims implicates rights protected by *Wolff v. McDonnell*, and I will allow him to proceed on this claim.

For the foregoing reasons, the court:

(1) **GRANTS** the Petitioner leave to proceed on ground four of his petition for writ of habeas corpus;

(2) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, **DISMISSES** the claims presented in grounds one, two, and three of the petition; and

(3) **DIRECTS** the clerk's office to ensure that a copy of this order is served on the Respondent and the Indiana Attorney General along with the order to show cause.

**SO ORDERED**.

ENTERED: October 20, 2011

      /s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT