UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JOSHUA D. LOVE, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CAUSE NO. 3:11-CV-318 PS |
| SUPERINTENDENT, Westville Correctional Facility, | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

On March 23, 2011, Correctional Officers P. Cassin and T. Kmiec conducted a shakedown of Joshua Love's cell at the Westville Correctional Facility. Officer Cassin, "upon observing a suspicious cut in the bottom of one of the shoes . . . bent the shoe back and exposed a metallic object with distinctive [sic] shape of a handcuff key" [DE 8 at 1; DE 8-1]. He then wrote a conduct report charging Love with "possession of escape paraphernalia, i.e., a handcuff key" [DE 8-1]. On April 13, 2011, a hearing officer conducted a disciplinary hearing, found the Petitioner guilty, and took twenty days of earned credit time away from him [DE 8-8]. The Petitioner took an administrative appeal, but the reviewing authorities affirmed the finding of guilt [DE 8-9].

Love submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with this loss of earned credit time [DE 1]. I reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and granted Love leave to proceed on ground four of his petition, in which he asserts that the hearing officer denied him evidence [DE 4 at 3]. I denied Love leave to proceed on the other three grounds raised in

his petition [*Id.*].

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974). There must also be "some evidence" to support the decision of the prison disciplinary board. *Superintendent, Mass. Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 455 (1985).

After he was charged, Love requested as evidence a form showing that he bought shower shoes and another form showing that he received them. [DE 8-5, DE 9 at ¶ 5]. The Screening Officer, David Dombrowsky, attempted to locate the forms, and the hearing was postponed while he was looking for them [DE 8-7]. But Officer Dombrowsky was ultimately unable to locate these forms, and he informed the hearing officer that they could not be produced for that reason [DE 9 at ¶ 5].

Love asserts that he is entitled to habeas relief because he was "denied evidence without explanation" in violation of Indiana Depatment of Correction ("IDOC") policy [DE 1 at 3]. But even if the hearing officer's actions violated IDOC policy, it would not state a claim upon which habeas relief could be granted. A petition for writ of habeas corpus under § 2254 may be granted only for violations of the Constitution, laws, or

treaties of the United States. 28 U.S.C. § 2254(a). IDOC policies and procedures are created under the authority of state law, and violations of state law do not entitle prisoners to habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *see also Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of IDOC disciplinary policy do not state a claim for federal habeas relief).

Love also alleges that prison officials violated his federally protected due process rights by denying him evidence. Among the basic requirements of due process in prison disciplinary proceedings is the opportunity for the inmate to call witnesses and present documentary evidence in his defense. *Wolff*, 418 U.S. at 563-567. But prison officials did not improperly deny evidence to Love. Officer Dombrowsky's affidavit establishes that he searched for the forms and that if the forms ever existed, they were unavailable by the time of the hearing. So the screening officer made reasonable efforts to locate the forms the Petitioner requested, but he was unable to do so. There was no due process violation.

Moreover, and in any event, the forms Love claims he was denied are irrelevant. Prison disciplinary boards may decline to receive evidence that would be irrelevant or repetitive. *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002). In habeas corpus cases, a due process error is harmless unless it had a substantial and injurious effect on the outcome of the proceeding. *O'Neal v. McAninch*, 513 U.S. 432, 435 (1995). There is no dispute over whether Love had shower shoes in his cell. The conduct report states that he did and Love does not argue otherwise. It's really neither here nor there where he got the shoes from. The shower shoes were found in Love's cell with a handcuff key secreted in them. That alone is "some evidence" that he possessed escape paraphernalia.

Love also asserts in his petition that he "requested physical evidence" and "was

only given" a photo of the confiscated shower shoes [DE 1 at 3]. *Wolff* requires that prisoners be permitted to submit relevant exculpatory evidence, but that right is waived unless the prisoner requests the evidence and witnesses before the hearing. "The law of this circuit does not entitle a prisoner to wait until the day of his hearing to request to call witnesses." *Miller v. Duckworth*, 963 F.2d 1002, 1004 n.2 (7th Cir. 1992). The administrative record establishes that the only physical evidence Love requested at screening were the two items discussed above: the forms indicating the purchase and receipt of shower shoes [DE 8-5, DE 9 at ¶ 5]. Accordingly, Love waived having the shower shoes physically present at the hearing.

Love also alleges that he was not provided with all the photographs produced at the hearing and therefore was not aware of all the evidence against him. But the administrative record and Officer Dombrowsky's affidavit establish that he provided Love with all the photographs that were part of the evidentiary record in the case [DE 8-5, DE 9 at ¶ 6].

For the foregoing reasons, the Court DENIES this petition for writ of habeas corpus and DIRECTS the Clerk to close this case.

**SO ORDERED**.

ENTERED: April 12, 2012

s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT